UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| Heather Bolling, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Anderson County Government, | ) | |
| Robert Collins, William Cornett, | ) | No.  3:13-Cv-502-PLR-HBG |
| Marty Fenton, Christopher | ) | |
| Monroe, Chasity Partin, Helen | ) | |
| Livingston-Reynolds, Zachery | ) | |
| Stouffer-Allen, Sean L. Bannach, | ) | |
| and Paul White, | ) | |
| | ) | |
| *Defendants*. | ) | |

Memorandum Opinion and Order

This matter comes before the Court on the defendants' first motion in limine.  [R. 143].

In their motion, the defendants seek to exclude the expert testimony of Dan Luke because Mr.

Luke's expert report fails to comply with the requirements of Federal Rule of Civil Procedure 26.

On August 24, 2015, after continuing the trial in this matter at the defendants' request, the Court

entered an order stating that "[t]o the extent the plaintiff intends to use Mr. Luke as a testifying

expert, the plaintiff must timely provide a written report in compliance with FRCP 26(a)(2)(B)

within 30 days of entry of this Order.  [R. 139].      Under Rule 26(a)(2)(B), an expert report

must include:

> i.   a complete statement of all opinions the witness will express and the basis and
>       reason for them;
> ii.   the facts or data considered by the witness in forming them;
> iii.   any exhibits that will be used to summarize or support them;

1

    iv.    the witness's qualifications, including a list of all publications authored in the previous 10 years;

    v.    a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

    vi.    a statement of the compensation to be paid for the study and testimony in the case.

On September 18, 2015, the plaintiff provided the defendants with a three paragraph document that was meant to serve as Mr. Luke's expert report. In addition to the "report," the plaintiff gave the defendants Mr. Luke's notes from his counseling sessions with the plaintiff and made Mr. Luke available for deposition. Mr. Luke's report is woefully deficient. It fails to state all opinions he will express and the basis and reason for them. It does not analyze the facts or data considered by Mr. Luke or otherwise explain how Mr. Luke got from his counseling notes to a conclusion that can be stated within a reasonable degree of scientific certainty. Mr. Luke said as much at his deposition. When asked if his report makes up the limit of his opinions in the case, he explained that it did not; it was a "brief synopsis of the work that [he and the plaintiff] have done together. But it is not at all . . . detailed." *See Luke Deposition,* October 20, 2015, p. 24.

The plaintiff, without citing any authority, asserts that Mr. Luke's deposition cures his failure to provide an expert report that complies with Rule 26. Even if a deposition could substitute for a proper report, Mr. Luke failed to state all the opinions he would express and their basis at his deposition. Instead, he emphasized that the opinions he was offering in the report and at his deposition were merely summaries of what his testimony would be.

After the plaintiff failed to timely disclose Mr. Luke as an expert before the original trial date, she received a lifeline when the defendants moved to continue the trial. Because there would be additional time, the Court allowed the plaintiff an opportunity to properly disclose an expert and provide a report that met the requirements of Rule 26. The plaintiff did not do so, and Mr. Luke's deposition does not remediate that failure. Accordingly, the defendants' first motion

in limine [R. 143] is **Granted**.   The plaintiff shall not attempt to introduce expert testimony from

Mr. Luke.   Mr. Luke may, of course, testify as a lay witness.   For example, he may testify about

what the plaintiff told him during her counseling sessions, assuming those statements are

otherwise admissible.   Mr. Luke may not, however, testify about his professional opinions—his

diagnosis, treatment plan, the plaintiff's clinical response to her treatment plan, or any other

matters of expert testimony.

       **IT IS SO ORDERED**.

**UNITED STATES DISTRICT JUDGE**