UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| HEATHER BOLLING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:13-CV-502 |
| | ) | (REEVES/GUYTON) |
| ANDERSON COUNTY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the Referral Order [Doc. 198] of the District Judge.

Now before the Court is the Defendants' Petition for Attorney's Fees. [Doc. 196]. The Plaintiff filed a Response [Doc. 199], objecting to the Defendants' Petition. The parties appeared before this Court on February 23, 2016. Attorney George Underwood was present on behalf of the Plaintiff, and Attorney Arthur Knight, III, was present on behalf of the Defendants. The Plaintiff was also in attendance. For the reasons more fully explained below, the Court **RECOMMENDS** that the Defendants' Petition for Attorney's Fees [**Doc. 196**] be **DENIED.**

I.  BACKGROUND

The Plaintiff's claims arose from her detention at the Anderson County jail as a pre-trial detainee. [Doc. 50]. Specifically, the Plaintiff averred that on April 28, 2013, she was arrested for alleged public intoxication at her private residence. During her detention at the Anderson County jail, the Plaintiff alleged that she was sprayed with chemical spray and her head was shoved into the wall. The Plaintiff averred that she was in need of medical attention due to the assault, but the Defendants were deliberately indifferent to her medical needs. The Plaintiff

brought her suit against Anderson County, Sheriff Paul White, and several employees of the Anderson County Sheriff's Department alleging they used excessive force, permanently injured her, and failed to provide necessary medical treatment during her detention. In addition to asserting a number of constitutional claims under § 1983, the Plaintiff also asserted several state law causes of action.

The Defendants moved to dismiss many of the Plaintiff's claims. [Docs. 64, 66, 68, 70, 74]. On May 20, 2015, the Court dismissed all claims against Sheriff White, noting that the Plaintiff did not oppose Sheriff White's motion to dismiss. [Doc. 88]. With respect to Defendant Anderson County, it requested that Claims 1, 2, 3, 4, 5, 8, and 9 be dismissed. The Plaintiff did not oppose dismissing those claims, and therefore, the Court dismissed them. [Doc. 88]. The Plaintiff opposed dismissing Claim 7 against all the Defendants and Claim 8 against Defendant Anderson County, but the Court found that the Plaintiff failed to state claims of relief thereunder. [Doc. 88].

The remaining claims were tried before a jury beginning on December 15, 2015. After the Plaintiff's proof, Defendant Anderson County moved for a directed verdict, which was granted. On December 21, 2015, the jury found in favor of the other Defendants on all the remaining claims.

## II. POSITIONS OF THE PARTIES

The Defendants move this Court [Doc. 196], pursuant to 42 U.S.C. § 1988, to award attorney's fees. The Defendants argue that almost immediately after service was accomplished, they made an offer of judgment and that the Plaintiff never responded. The Defendants submit that instead of accepting the offer, the Plaintiff amended her Complaint twice, conducted multiple depositions, and propounded two sets of written discovery in addition to disclosures already made by the Defendants. The Defendants aver that the Plaintiff's action contained

2

frivolous claims and the continuation of the Plaintiff's action was unreasonable based on the testimony at trial and other evidence. The Defendants emphasize that some claims were disposed of early on, while other claims were dismissed by the Court on directed verdict.

The Plaintiff responds [Doc. 199] that the case was close and difficult. With respect to the Defendants' offer of judgment, the Plaintiff states that they made their offer sixty days after the Plaintiff filed her lawsuit and before she had the chance to engage in discovery. The Plaintiff argues that she was interested in mediation and/or negotiations, but the Defendants refused to participate. The Plaintiff concludes that her case was not frivolous, unreasonable, or without foundation.

The Defendants filed a Reply [Doc. 201] stating that this case was not a close and difficult case. Instead, the Defendants emphasize that the Court dismissed several claims. With respect to Defendant Anderson County, the Defendants argue that the Plaintiff failed to present a scintilla of evidence against it. Moreover, the Defendants argue that the Plaintiff's $1 million spoliation claim against Defendant Anderson County was baseless. The Defendants submit that the Plaintiff failed to present an iota of evidence of any injury. Moreover, the Defendants deny that the Plaintiff offered to settle before the trial. They conclude that the Plaintiff's case should not have been filed.

### III. ANALYSIS

For the reasons explained below, the Court recommends that the Defendants' request for attorney's fees be denied.

Pursuant to 42 U.S.C. § 1988(b), "In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." The test for awarding attorney's fees to a defendant as a prevailing party under 42

3

U.S.C. § 1988(b) is whether the plaintiff's action was frivolous, unreasonable, or lacking foundation, even though it was not brought in subjective bad faith. Hughes v. Rowe, 449 U.S. 5, 14 (1980) (per curiam) (citing Christiansburg Garment Co. v. EEOC, 434 U.S. 412 (1978)). As stated in Hughes, "The plaintiff's action must be meritless in the sense that it is groundless or without foundation. The fact that a plaintiff may ultimately lose his case is not in itself sufficient justification for the assessment of fees." Id. The Supreme Court has cautioned:

> It is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success.

Christiansburg Garment Co., 434 U.S. at 421-22; see also Jones v. Continental Corp., 789 F.2d 1225, 1232 (6th Cir. 1986) ("An award of attorney's fees against a losing plaintiff in a civil rights action is an extreme sanction, and must be limited to truly egregious cases of misconduct.").

With this in mind, the Court finds that the Plaintiff's conduct in this case does not rise to the level that merits awarding attorney's fees to the Defendants. A majority of the claims that the Court dismissed in the May 20 Order [Doc. 88] were state law claims. See Connors v. CBL & Associates Management, Inc., No. 1:08-cv-172, 2010 WL 1781432, *1 (E.D. Tenn. Apr. 14, 2010) (Carter, M.J.), accepted and adopted, 2010 WL 1793119 (E.D. Tenn. May 4, 2010) (noting that section 1988(b) does not authorize attorney's fees to the prevailing party in state law claims). The remaining claims were tried before the jury. Although a directed verdict was entered in favor of Defendant Anderson County, defense counsel stated during the hearing that he could "try" to separate the attorney's fees for this particular defendant but that the claims against it were interrelated with two other officers. See id. at *3 (noting that no attempt was made to parse out fees incurred solely for plaintiff's section 1981 claim and that such an attempt

would be very difficult because the section 1981 claim shared a common core of facts with the other claims that went to trial). Accordingly, the Court finds that the Plaintiff's lawsuit does not constitute a truly egregious case of misconduct to merit the extreme sanction of an award of attorney's fees against her.

## IV. CONCLUSION

Based upon the foregoing, the undersigned **RECOMMENDS**[1] that the Defendants' Petition for Attorney's Fees [**Doc. 196**] be **DENIED**.

Respectfully Submitted,

_____
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).